IN THE

## SUPERIOR COURT OF JUDICATURE

FOR THE

### COUNTY OF ROCKINGHAM, DECEMBER TERM,

**A. D. 1834.**

---

## GEORGE P. FROST *vs.* J. CLOUTMAN and MIRIAM, his wife.

A common recovery, duly suffered, although executed only by an entry of the recoveror, without a writ of seizin, is a good bar to an estate tail.

THIS was a FORMEDON IN REMAINDER, and the cause was submitted to the decision of the court upon the following statement of facts.

Joseph Frost, Esq. died in the year 1768, seized of the demanded premises in fee simple, having made and published his last will and testament, which was afterwards duly proved, whereby he devised the demanded premises to his son, Joseph Frost, in fee tail male, and for default of heirs male of the body of Joseph, living at his death, then to George Frost, another son of the testator, in tail male.

Joseph Frost, the son, after the death of the testator, entered and was seized of the demanded premises, according to the form of said gift, and in 1830 died, without leaving any heirs male of his body.

The said George survived the testator, and died in the life time of Joseph the son, leaving the said George P. Frost,

the demandant, who was his oldest son, and heir male of his body.

The said Miriam, the wife of John Cloutman, the other tenant, is the daughter and only child of said Joseph Frost, the son of the testator.

The said Joseph Frost the son, the said Miriam, and one William Chase, for the purpose and with intent of having a common recovery suffered of the said demanded premises, for the use of the said Joseph in fee simple, on the 1st August, 1819, executed an indenture, by which the said Joseph Frost the son, conveyed the demanded premises to the said Chase, in order to make him a good tenant of the freehold; and by the same indenture it was agreed that the said Miriam in quality of demandant should at the next term of the superior court in this county prosecute a plea of land against the said Chase, demanding the said premises, and thus a common recovery be suffered for the use of the said Joseph the son.

Afterwards, at the September term of this court here, 1819, a common recoverey was had and suffered of the said premises, agreeably to the said indenture.

No writ of seizin or possession ever issued thereon, nor was said recovery ever executed by virtue of any writ.

The said Miriam, before and at the time of executing said indenture, lived with said Joseph Frost the son, on said premises, and continued to do so until her marriage with said Cloutman in 1825; and said Cloutman and wife continued to live thereon with said Frost till his death, and still remain thereon.

*Goodrich and Freeman* for the tenants. No writ of possession was, under the circumstances, necessary to give full effect to the common recovery in this case. The demandant was in possession immediately after she obtained judgment in the common recovery. The recovery was thus executed as much as it possibly could be.

A recovery is executory, and may be executed even against

the heir.   1 *Coke* 93, *Shelley's case; Dyer* 373 *b. case* 15 ; <span style="float:right">Frost<br>*vs.*<br>Cloutman<br>et ux.</span>
*Dyer*, 376. *b. case* 26 ; *Plowden*, folio ultimo.

And after a recovery, if the tenant in tail die and his heir enter, the recoveror may enter upon the heir.   *Dyer* 35, case 28.

*E. Cutts* for the demandant.   The question to be decided is, whether the common recovery, upon which the tenants rely, is a bar to this action ?

It is not disputed, that a common recovery, duly suffered and regularly executed, would have been a bar ; but it is objected, that the recovery in this case was never executed.

It is agreed, that no writ of seizin ever issued in this case, and of course the only enquiry is, whether this defect renders all the proceedings in the recovery inoperative ?

It seems to have been settled in ancient times that an estate tail was not barred by the judgment in a common recovery.   It was so resolved in *Shelly's case*, 1 *Coke* 106 ; 1 *Rolle's*, Ab. 270.

A common recovery vests no freehold in deed or in law before execution served.   *Co. Litt.* 266. b. note (2.)   *Moor* 141 ; *Pigott on Recoveries* 153 ; *Shep. T.* 40.

In the case of *Lewis* vs. *Witham*, 2 *Strange* 1185, it was decided by the Court of King's Bench, that a judgment in a common recovery not executed had no manner of operation, and did not alter the nature of the estate.   And this decision was afterwards sustained in the House of Lords. 1 *Wilson* 55.

It may seem strange, that while in all other writs of entry the judgment is conclusive as to the title, without execution, yet in a common recovery the judgment has no operation until the recovery is executed.   *5 D. & E.* 177, *Goodright* vs. *Rigby*.   But an attentive examination of the nature and object of a common recovery will show that an execution must now be considered as essential to its validity.

A common recovery is a conveyance on record, invented

to give a tenant in tail an absolute power to dispose of his estate as if he were tenant in fee simple. This is the object of a common recovery. It is in the form of a real action, but all the parts of it are mere matters of form. There is a demandant, and a tenant, and a count, as in a writ of entry; but there are no adverse parties. All is done by agreement. It is, in all its forms, a mere fiction. *Willes R.* 444; 5 *D. & E.* 107, note; *Shep. T.* 40; 2 *Bl. Com.* 357; 2 *Saunders* 94, note.

Common recoveries are not to be considered at all as real transactions, but as common assurances. They were invented to bar estates tail, and subsist now upon usage and expedience. It is therefore useless to attempt to give any legal reason for their operation or forms. We might as well waste our time in attempting to explain why in a deed of land the word *heirs* is essential to create a fee simple, or why in a deed of exchange the word *exchange* is so essentially and individually requisite, that it cannot be supplied by any other word. It is enough that there are settled forms and modes of proceeding in a common recovery, which, when duly pursued will bar an estate tail. But though common recoveries are now considered as common assurances, yet they must be conducted and completed according to certain ceremonies and solemnities, which bear analogy to the proceedings in real actions; and the want of such necessary ceremonies and solemnities invalidates a common recovery as much as the want of a third witness invalidates a will of lands. 3 *Burrows* 1596.

It is no answer to this defect, that Miriam, the tenant, and Joseph Frost, the son, were in possession. It is said that a writ of seizin is never in fact executed. 5 *D. & E.* 179. But it is essential to give effect to a common recovery that there be a writ of seizin, and a return that it has been executed.

It is well settled that a common recovery is executory; but it is executory only in a particular manner.

In general, he who has recovered judgment in a writ of entry may enter and take possession; and when he has so done, there is no need of a writ of seizin. But in a common recovery one essential ceremony seems to be a writ of execution duly returned. Without this the recovery seems to be without effect to bar an estate tail.

We find no case in which it has ever been held that an entry by the recoveror is tantamount to a writ of seizin returned duly executed. There may be loose dicta that look that way, but we are confident there is no decided case.

There is an established course to bar estates tail, which has existed for centuries; and when that course is pursued, it is settled to be effectual. Those who have attempted to explain, and give reasons for the proceedings in a common recovery, have generally confounded themselves and every body else who has read their works; and their reasonings have been pronounced by a learned judge to be absurdity, unintelligible jargon and nonsense. 1 *Wilson* 73.

But when it had been decided that a common recovery was merely executory, and that nothing passed until it was duly executed, it seems to have been a good reason why a writ of seizin, returned as duly executed, should have been required; because otherwise the recovery would not have appeared by the record to have any validity.

When the writ of seizin is duly returned executed, every thing essential to bar the estate tail appears of record.

Richardson, C. J., drew up the opinion of the court.

This is a writ of formedon in remainder, in which the demandant claims to recover the demanded premises as his inheritance, according to the form of the gift contained in the will of Joseph Frost.

It is not disputed that the demandant is entitled to judgment in this case, unless the defence upon which the tenants rely is a legal answer to the action.

That defence is the common recovery suffered by Joseph

Frost, the tenant in tail, in 1819; and it is not disputed that if that recovery was legally executed, it is a bar to this action. But it is objected, that nothing passed by the recovery, because it was never executed by a writ of seizin.

To this it is answered, in the first place, that the recovery bound the right; and as this action is in its nature a writ of right, the demandant cannot recover, whether the common recovery was executed or not; and in the next place, that the recoveror having entered upon the land after the recovery, that was all the execution which the law required.

It is not denied that the recoveror entered after judgment; and the question is whether this was such an execution of the recovery as to make it effectual to bar the claim of this demandant?

The law of common recoveries was much discussed in *Shelly's case*, 1 *Coke* 93; *Moor* 136; and it was finally settled, that the right of the estate tail is bound by the judgment in a common recovery, and the recovery over to have in value; that there is no seizin in the recoveror until execution is done; but that execution against the issue in tail, done after the death of him against whom the judgment in the recovery was rendered, has relation to the judgment, and is a legal execution of the recovery.

Ever since the judgment in Shelly's case, it seems to have been considered as settled, that a common recovery vests no freehold in deed or in law before execution served. *Co. Litt.* 266, b. note, (2;) *Pigott on Recoveries*, 31 and 153; *Shep. T.* 40.

In *Witham* vs. *the Earl of Derby*, 1 *Wilson* 48, it was decided that a recovery not executed had no manner of operation. The reason is, because no use can arise till the recoveror has seizin. In that case the recovery was suffered in the year 1514. The trial in Witham vs. Derby was in 1744. The person to whose use the recovery was suffered, entered, and he and his heirs had been in possession two hundred and thirty years. But it was objected, that no writ

of seizin or entry of the recoverors appeared, and for that reason the recovery was held to be void and without effect. 2 *Strange* 1185.

The question to be decided in this case is, then, whether the entry by the recoveror was a sufficient execution to render the recovery effectual? If it were, the tenants are entitled to judgment.

A recovery is always to uses, and no use can arise until the recoveror has seizin. *Pigott on Recoveries* 153.

What then is seizin?

Coke says that seizin signifies in the common law, *possession.* *Co. Litt.* 153, a. Again he says that *seizin* is derived from *sedendo.* " For till a man have seizin all is *labor* " *et dolor et vexatio spiritus;* but when he hath seizin, he " may *sedere et acquiescere.* In all suits to recover seizin, or " possession, he who prosecutes them ought to labor, but when " he hath obtained seizin he may *sedere et accumbere* in " peace and tranquillity." 6 *Rep.* 58.

Seizin then is only possession.

At the common law a judgment in a writ of entry did not vest in the demandant seizin or actual possession until it was executed. But after judgment in his favor in a writ of entry the demandant might enter. *Comyn's Digest,* " *Execution,*" *A* 1; *Co. Litt.* 34, *b.*

And if after such entry he sue a scire facias to have a writ of seizin, his entry may be pleaded in bar of the scire facias. *Rastell's Entries,* 539.

In *Capel's case,* 1 *Coke's R.* 57, a common recovery is pleaded as executed by entry.

In this case, the recoveror has been in possession of the demanded premises ever since the recovery. The recoveror and Joseph Frost, to whose use the recovery was had, were both in possession and upon the land immediately upon the recovery. And *Littleton* says, when two be in one house, and the one claimeth by one title and the other by

another title, the law shall judge him in possession that hath right to be in possession.

In this case the judgment gave Miriam a right of entry, and the moment she entered she acquired a seizin of the land, and the recovery was thus duly executed. We are therefore of opinion that there must be

*Judgment for the tenants.*